E-FILED
Wednesday, 14 October, 2026 02:25:00 PM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

ARIEL YOUNG,
Plaintiff,

v.

ERIC GONZALEZ et al,
Defendants.

Case No. 1:26-cv-01435-JEH-RLH

**Order**

Now before the Court is the *pro se* Plaintiff Ariel Young's Application to Proceed in District Court Without Prepaying Fees or Costs (D. 2).[1] For the reasons set forth below, the Plaintiff's Application to proceed *in forma pauperis* (IFP) is DENIED, and her Complaint (D. 1) is DISMISSED WITH PREJUDICE.

"The federal *in forma pauperis* statute, [28 U.S.C. § 1915], is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Section 1915(e) directs a court to screen a complaint when filed together with a request to proceed IFP. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013). A court shall dismiss a case at any time if: 1) the allegation of poverty is untrue; 2) the action is frivolous or malicious; 3) the action fails to state a claim on which relief may be granted; or 4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2).

Here, the Plaintiff's Complaint alleges: "Defendants expressed personal view to Lindsay Clancy[.] A gag order must issue." (D. 1 at ECF p. 1). That is the entirety of the Complaint.

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

Even construing the Plaintiff's Complaint liberally, as the Court must given her *pro se* status, the Plaintiff's allegations very blatantly fail to state a claim. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (providing that a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers"). The Federal Rule of Civil Procedure 12(b)(6) standard applies when determining whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii). *Coleman v. Labor & Indus. Review Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Here, the Plaintiff does not provide who, exactly, the parties are, the Plaintiff does not explain the basis for filing in this Court, and the Plaintiff does not provide any context whatsoever for her allegations.

For the foregoing reasons, the Plaintiff's Complaint (D. 1) is DISMISSED WITHOUT PREJUDICE for failure to state a claim. The Application to proceed IFP (D. 2) is DENIED. The Plaintiff has 14 days from the entry of this Order to file an Amended Complaint and renew her application to proceed IFP. If the Plaintiff fails to take action within 14 days, the case will be dismissed, and the Clerk will be directed to close the case. The Clerk is directed to enter judgment.

*It is so ordered.*

Entered on October 14, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE